### A. P. PACKARD, Appellant, v. PERMELIA PACKARD.

FACTS HELD NOT TO JUSTIFY DESERTION BY WIFE.

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

### WEDNESDAY, MAY 9, 1894.

ACTION for divorce on the ground of desertion. The defendant, by cross petition, seeks a divorce on the ground of cruel and inhuman treatment. The district court dismissed both petitions, and the plaintiff appealed.—*Reversed.*

*M. R. McCrary* for appellant.

No appearance for appellee.

GRANGER, J.—The plaintiff and defendant were married in February, 1880, she being the plaintiff's second wife. By the plaintiff's prior marriage he had five children. The parties lived together until November, 1889, when the defendant left the plaintiff. This action was commenced in February, 1892, charging willful desertion against the defendant. The answer denies the averments of the petition as to desertion, and by a cross petition charges cruel and inhuman treatment, with a prayer for divorce. The district court denied relief to both parties. The defendant has not appealed, and the adjudication in the district court is conclusive as to her on her claim for a divorce. The appeal by the plaintiff is from the action of the court in dismissing his petition, and hence the question before us is that of a willful desertion by the defendant. The fact that she left the plaintiff and lived apart from him for more than two years before the commencement of this action is not in dispute. With the condition of the record, the plaintiff is entitled to a divorce if the separation amounts to a willful desertion, and the continued absence was without reasonable cause. The evidence on the part of the plaintiff, standing alone, clearly establishes these facts. The only excuse for the separation is the showing made on the part of the defendant in support of her cross petition, which evidence was also probably intended to refute that of the plaintiff as to a willful desertion. It may be said that the evidence came far short of establishing either cruel or inhuman treatment on the part of the plaintiff, within the legal acceptation of the terms. It is true that the parties did not live pleasantly together; nor is it to be said that there was anything

seriously unpleasant. She says that he was cross and sulky to her. In testimony she said, "I asked him one time when he was going to Lake City, if he was going. Said he, 'Y-a-s.' I asked him why he would not renew a note to my sister, and he said I was enough to make a dog sick to have around. Mr. Packard's family treated me rather coolly at first. Some of them treated me kindly, and others did not. The summer before I left there, I was struck by the youngest boy. He had a map, and I told him three times to put it down. I came to put my hand on his shoulder, and he slapped me in the face, and broke my glasses, and it was quite a while before I could have them to use. I reached them to Mr. Packard to have them fixed, and he asked me how they got broken, and I told him the same story that I told before the court, and he made no reply whatever." At one time when she was going to Illinois on a visit she asked him for three or four dollars, and he only gave her one, and said: "I am not going to furnish you money to go visiting with." She complains of the doors being left open, and that they did not occupy the same sleeping apartments for about a year before the separation. In much of the testimony she is not positive, and in the more important part she is contradicted by other evidence. If the son struck her,—which in evidence he denies,—it does not appear that the plaintiff knew of it, or in any way encouraged or permitted such treatment. Nor does it appear that the plaintiff was in fault for their occupying separate sleeping apartments. A sister of the defendant lived with them during nearly all of their married life, and the plaintiff evidently entertained a dislike toward her, while, between the sisters, there was a warm attachment and a purpose to live together. The following from the testimony of the defendant quite clearly indicates the principal cause of the separation. "I left two years ago,—two or three years ago last November. Can't say for certain. Think three years ago. He spoke in the morning after I came back from Illinois, and wanted to know whose carpet that was on the floor. I said it was my sister's. He said, 'I want you to take that carpet up, and want you to do it now.' I said, 'When I get around, I will attend to it;' but I said, 'When that carpet goes, I shall go with it.' My mind was not made up when I came back. I don't know— Yes, my mind was made up, when I found my sister could not stay with me, not to live with him any longer; but there was other circumstances connected with it." We think the separation by the defendant without legal justification, and that desertion and absence without reasonable cause are shown by the evidence, for which the plaintiff is entitled to a divorce. It may be stated that defendant, in terms, says she would not again live with the plaintiff. The cause is remanded to the district court for a decree in accord with this opinion. REVERSED.